## Smith-Edwards-Dunlap Co. v. Artists, U.S.A., Inc.

*Barry Sklar*, for plaintiff.
*Meyer Simon*, for defendant.

HIRSH, *J.*, May 18, 1978—This action in assumpsit was instituted on July 20, 1971 to recover the contract price for certain printing work which plaintiff had performed for defendant. The printing had been ordered by an attorney, William N. Levy (hereinafter Levy), who was then representing defendant with regard to a proposed offering of its common stock. Pursuant to Philadelphia Court Rule 130 (Star Rule *1047A) the action was dismissed for failure to prosecute by order entered

February 4, 1975. That order was subsequently vacated by order dated May 17, 1976. Thereafter a non-jury trial was held which resulted in a verdict for plaintiff. Defendant has filed exceptions to that verdict which must now be decided.

At trial, the president of plaintiff corporation testified that Levy represented several clients, including defendant, for whom plaintiff performed specialized Securities and Exchange Commission (S.E.C.) printing work at Levy's request. He further testified that plaintiff usually dealt with these clients, including defendant, through Levy; that all of the completed work was delivered to Levy; and that all discussions regarding printing and revision were with Levy. He also testified that plaintiff's bill for this type of work was normally submitted to Levy when the work was completed, and several other clients, whom plaintiff dealt with through Levy at about the time in question, had paid their respective bills for exactly the same type of work which had been performed for defendant. The bill submitted to Levy for defendant's printing was not paid.

Defendant's witnesses testified that they had been introduced to Levy as an attorney who specialized in S.E.C. work at a time when they needed to raise capital and were interested in going public. Because they did not know what was involved, Levy was to prepare a prospectus for them. Levy was to be paid a definite fee for all his services and expenditures with regard to preparing the offering circular and that with regard to this matter defendant "relied a hundred percent on him." The offering circular identified Levy's law firm as special counsel in connection with the proposed sale of shares and revealed that his firm owned 10,000 shares of defendant corporation's common stock.

It is apparent to this court that the attorney-client relationship which existed between Levy and defendant with regard to the printing of the offering circular was, at the minimum, an agency for this purpose, and that plaintiff was justified in relying on Levy's authority to bind defendant. "'If the principal puts one into, or knowingly permits him to occupy, a position in which, according to the ordinary experience and habits of mankind, it is usual for the occupant to have authority of a particular kind, anyone having occasion to deal with one in that position is justified in inferring that the person in question possesses such authority, unless the contrary is then made known.'" East Girard Savings & Loan Ass'n. v. Houlihan, 373 Pa. 578, 97 A. 2d 23 (1953). Here, Levy, an attorney-at-law specializing in S.E.C. practice contracted with plaintiff to have an offering circular prepared for his disclosed client. Even assuming, arguendo, that Levy did not possess the express authority to contract for this printing (which this court believes he did possess), plaintiff was certainly justified in concluding that Levy had "apparent authority" to bind defendant. "Apparent authority is such authority as a reasonably prudent man, using diligence and discretion, in view of his conduct, would naturally suppose the agent to possess [citation omitted]." Passarelli v. Shields, 19 D. & C. 2d 66, 72 (1959), affirmed on the opinion below, 191 Pa. Superior Ct. 194, 156 A. 2d 343 (1959). See also, Sustrik v. Jones & Laughlin Steel Corp., 189 Pa. Superior Ct. 47, 50, 149 A. 2d 498 (1959): ". . . [T]he act of an agent or attorney affecting the relation of his principal or client, with a third person, done in accordance with his principal's *manifestations of consent although without special authority,* may bind his principal or client." (Emphasis in original.)

Levy, an attorney-at-law, was functioning with respect to the preparation of the offering circular as an agent for his disclosed principal. Plaintiff had, through an established course of similar dealings with Levy, successfully looked to Levy's clients for payment for its highly specialized printing work. Without receiving notice to the contrary, plaintiff was in this instance justified in proceeding at Levy's direction and in its expectation that the work it performed for Levy's principal would be paid for by said principal. There was no evidence produced at the trial that would convince this court that plaintiff did not proceed in a prudent and businesslike manner.

The exceptions filed by defendant are, in the main, of the "boiler plate" variety and have not convinced this court that its prior decision should be modified or reversed. The exceptions are therefore dismissed.